**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Juan Vargas-Puerta,

        Plaintiff,

v.                              Case No. 1:20-cv-5104-MLB

United States Department of
Homeland Security, et al.,

        Defendants.

_____/

**OPINION & ORDER**

This matter comes before the Court on Plaintiff Juan Vargas-Puerta's motion for clerk's entry of default. (Dkt. 12.) The Court denies the motion.[1]

---

[1] In general, entry of default is within the purview of the clerk, as explicitly contemplated by Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a) (directing the "clerk" to enter a default when a party "fail[s] to plead or otherwise defend, and that failure is shown by affidavit or otherwise"). That said, "courts and commentators alike have held that a court also may enter a party's default." *See Wilson v. Kelly*, No. 1:18-CV-5014-AT, 2019 WL 5485126, at *1–2 (N.D. Ga. Apr. 10, 2019) (quoting *FHL, Inc. v. Walker*, No. 2:13 CV 555, 2016 WL 868225, at *2 (M.D. Ala. Mar. 7, 2016)); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Although Rule 55(a) contemplates that entry of

## I.    Background

On December 16, 2020, Plaintiff sued Defendants United States Department of Homeland Security ("DHS"); Chad Wolf, Secretary of DHS; United States Citizenship and Immigration Services ("USCIS"); Ken Cuccinelli, Director of USCIS; and Shineka Miller, Field Office Director of the USCIS Atlanta Field Office.  (Dkt. 1.)  On July 19, 2021, the Court entered an order, directing Plaintiff to file, on or before August 2, 2021, proof that service was properly made or why Plaintiff had been unable to serve Defendants.  (Dkt. 11.)  On July 29, 2021, Plaintiff moved for clerk's entry of default.  (Dkt. 12.)

## II.   Standard of Review

The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint seeking affirmative relief.  Fed. R. Civ. P. 55(a).  If, however, the plaintiff

---

default is a ministerial step to be performed by the clerk of court, . . . a district judge also possesses the inherent power to enter a default."); *Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940) ("[T]he court has [the] power to enter an order of default and Rule 55 is not a limitation thereof."); 10A Wright & Miller, *Federal Practice & Procedure* § 2682 (4th ed. 2021) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.").

has failed to properly serve the defendant with process, then the plaintiff is not entitled to the entry of a default despite the defendant's failure to timely respond. *See Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant . . . ." (internal citation omitted)); 10A Wright & Miller, *Federal Practice & Procedure* § 2682 (4th ed. 2020) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (footnote omitted)). When seeking a default, the plaintiff bears the burden of establishing proper service of process. *Onpower*, 2016 WL 9049315, at *1.

## III.   Discussion

According to Plaintiff, electronic summons were issued on December 16, 2020, and he served paper copies of the complaint upon

Defendants via certified United States Postal Service ("USPS") mail on January 4, 2021.  (Dkt. 12 at 2–3.)  As proof, Plaintiff attached (1) an automatic email reply from USCIS stating, among other things, "If this email contains a summons or a complaint against the [USCIS] or its personnel in their official capacity, you have sent your message to the correct mailbox and your message has been received"; (2) an automatic email reply from the Office of General Counsel for DHS providing the address for service of process; and (3)  five USPS tracking numbers showing "delivered" on January 4th in "Washington, DC."  (*See* Dkt. 12-1.)

Federal Rule of Civil Procedure 4(i)(2) governs service of process in cases in which a plaintiff sues a United States agency or a United States officer in his or her official capacity.  In such cases, the plaintiff must (1) serve the United States and (2) "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee" being sued.  Fed. R. Civ. P. 4(i)(2).  The Court finds Plaintiff failed to comply with either requirement.  To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to
> the United States attorney for the district where the action is

brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Nothing in the record indicates Plaintiff served the United States under Rule 4(i)(1), as required by Rule 4(i)(2). This alone is enough to deny Plaintiff's motion. *See McGinnis v. Atlanta VBA Reg'l Off.*, No. 1:18-CV-762-SCJ, 2018 WL 7075145, at *1 (N.D. Ga. Nov. 15, 2018) (denying motion for clerk's entry of default where the plaintiff had not established that he served the United States).

Plaintiff also did not comply with the second requirement of Rule 4(i)(2). Service by certified mail requires the addressee or his authorized agent to sign the return receipt. *See Fuqua v. Turner*, 996 F.3d 1140, 1155 (11th Cir. 2021) ("Certified mail is 'mail for which the sender requests proof of delivery in the form of a receipt signed by the

addressee.'" (quoting *Certified Mail*, Black's Law Dictionary (11th ed. 2019))); *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1057 (2019) (same). Plaintiff claims to have mailed the documents by certified mail, but he did not provide return receipts—let alone ones with signatures. *See Fuqua*, 996 F.3d at 1155 (examining the return receipt, finding "no trace of a signature," and concluding "that deficiency alone renders service inadequate"). And while there is tracking information in the record that states "Washington, DC" and "delivered," there is nothing to show that the mail was addressed to Defendants. (Dkt. 12-1 at 4–8.)

Plaintiff has thus failed to effect service of process. Without proof of proper service, the Court lacks jurisdiction over Defendants, and the requirement that Defendants respond to the complaint has not been triggered. *McGinnis*, 2018 WL 7075145, at \*1 (explaining that the requirement that the defendant respond to the complaint is not triggered when the plaintiff fails to comply with Rule 4). Plaintiff's motion is thus denied. *See Barbosa v. Hum. Res. Off. DoDEA*, No. 3:19-cv-1185-HES-JRK, 2021 WL 2258332 (M.D. Fla. June 3, 2021) (denying motion for clerk's entry of default due to improper service); *David v. Ky. Child*

*Support Agency*, No. 8:19-cv-2591-T-36JSS, 2021 WL 2404244 (M.D. Fla. Feb. 24, 2021) (same).

## IV.   Conclusion

The Court **DENIES** Plaintiff's motion for clerk's entry of default (Dkt. 12).  No later than November 19, 2021, Plaintiff shall perfect service on Defendants in accordance with Federal Rule of Civil Procedure 4(i) and file proof of such service.  Failure to do so may result in dismissal of this case for failure to prosecute.

**SO ORDERED** this 4th day of October, 2021.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE